UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Thomas J. Torrence, | ) | Civil Action No.: 5:05-cv-00893-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Scott Lewis, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Thomas J. Torrence seeks federal habeas relief for his claim that the South Carolina Department of Probation, Parole and Pardon Services unconstitutionally changed his parole status from eligible to ineligible. Respondent has filed a motion for summary judgment, which the Magistrate Judge recommends denying without prejudice. *See* Report and Recommendation ("R & R"), ECF No. 79.[1] Respondent and Petitioner have both filed objections to the R & R. *See* ECF Nos. 81 & 82. The Court rejects the R & R and grants Respondent's motion for the reasons herein.

## Legal Standards

### I.     Review of the R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) ("Federal Rule of Civil Procedure 56 'applies to habeas proceedings.'" (quoting *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991))).

## III. Federal Habeas Review Under 28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court "must review a state court's resolution of any claims it 'adjudicated on the merits' deferentially, only granting relief if the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1), or was 'based on an unreasonable determination of the facts in light of the evidence presented,' *id.* § 2254(d)(2)." *Richardson v. Kornegay*, __ F.4th __, __, 2021 WL 2832893, at *4 (4th Cir. July 8, 2021).

### Background

> [I]n May 1992, a South Carolina jury convicted Torrence of multiple offenses, including two counts of murder.[2] On the murder convictions, the trial judge sentenced Torrence to life imprisonment with eligibility for parole after thirty years. Torrence unsuccessfully pursued relief by way of direct appeal and then through state postconviction proceedings, which concluded in April 2004. Soon thereafter, in June 2004, the South Carolina DPPPS [Department of Probation, Parole and Pardon Services] changed Torrence's parole status to ineligible.[3]

---

[2] The jury also convicted him of first-degree burglary, kidnapping, criminal conspiracy, and two counts of armed robbery. ECF No. 54-3 at p. 1. The State sought the death penalty for the murder convictions but the jury recommended life imprisonment. *Torrence v. Ozmint*, 2008 WL 628604, at *2 (D.S.C. Mar. 5, 2008).

[3] Petitioner was tried capitally for two murders he committed in Lexington County in February 1987, at which time the possible sentences for murder were death, life imprisonment with parole eligibility after twenty years, or—as relevant here—life imprisonment with parole eligibility after thirty years if an aggravating circumstance was found but a death sentence not imposed. S.C. Code Ann. § 16–3–20(A) (Supp. 1987); *see State v. Matthews*, 373 S.E.2d 587, 591 (S.C. 1988) (explaining that "[i]n 1986, th[is] statute was amended to provide that where an aggravating circumstance is found, and death is not recommended, the life sentence requires thirty years service before parole eligibility"). **However**, if the defendant had a prior conviction for certain violent crimes, he was ineligible for parole. S.C. Code Ann. § 24–21–640 (Supp. 1987); *see id.* § 16–1–60 (1986) (defining violent crimes).

When sentencing Petitioner in May 1992, the trial court (apparently applying § 16–3–20(A)) stated he would not be eligible for parole on the murder convictions for thirty years because the jury had found aggravating circumstances (i.e. "no parole for 30 years"). ECF No. 85 at pp. 4, 7, 47, 50 (sentencing sheets); *see also* ECF No. 77-2 at pp. 1–2 (same). However, in June 2004, the South Carolina DPPPS determined Petitioner was permanently ineligible for parole based on a 1979 conviction for armed robbery (a violent crime under § 16–1–60). ECF No. 85 at pp. 43–44, 57–58, 72–75; ECF No. 16-1 at pp. 9–10, 18–19, 75–76. *See generally Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 682 S.E.2d 795, 800 (S.C. 2009) (explaining that "a sentencing court is not authorized to determine parole eligibility" and that "the Department has the sole authority to look to the statutes to determine

> In March 2005,[4] Torrence filed his initial 28 U.S.C. § 2254 petition in the District of South Carolina, asserting eleven grounds for relief. Torrence's first ten grounds had been exhausted during the state postconviction proceedings. Torrence's eleventh ground—contesting the change in his parole status as a violation of his rights under the Eighth and Fourteenth Amendments—had not yet been exhausted. Torrence explained in his § 2254 petition that he was simultaneously pursuing the parole eligibility claim in the South Carolina courts in order to satisfy the federal exhaustion requirement.
>
> Significantly, along with his initial § 2254 petition, Torrence filed a motion seeking a stay and abeyance pending exhaustion of his parole eligibility claim in the state proceedings. In September 2005, the federal district court[5] denied the motion for a stay and abeyance without considering the stay-and-abeyance procedure outlined by the Supreme Court earlier that year in *Rhines v. Weber*, 544 U.S. 269 (2005). Consequently, in January 2006, Torrence voluntarily dismissed the parole eligibility claim from his § 2254 petition.[6]
>
> Torrence's parole eligibility claim remained pending in the South Carolina courts from 2005 until May 2018. At that time, the Supreme Court of South Carolina issued the remittitur denying relief on the parole eligibility claim, which exhausted the available state court processes for seeking relief thereon. In November 2019, Torrence—proceeding pro se—filed [a] motion [in the United States Court of Appeals for the Fourth Circuit] requesting authorization . . . under 28 U.S.C. § 2244(b) to file a second or successive § 2254 petition that would present the exhausted parole eligibility claim in the district court.

*In re Torrence*, 828 F. App'x 877, 878–79 (4th Cir. 2020) (original internal footnotes and citation omitted). Along with his § 2244(b) motion, Petitioner attached a copy of his proposed § 2254 petition

---

whether a defendant is eligible for parole separate and apart from the court's authority to sentence a defendant").

[4] The Clerk's Office retained a hard copy of the voluminous state court records that were originally filed in 2005. The Court has retrieved and reviewed these records, which include various documents from the South Carolina DPPPS. The Court has directed the Clerk to scan those documents onto the electronic docket, *see* ECF No. 85.

[5] The late Judge Solomon Blatt, Jr. originally presided over this case.

[6] In March 2008, Judge Blatt denied Petitioner's initial § 2254 petition (without the parole eligibility claim) on the merits. ECF No. 36. Petitioner unsuccessfully appealed that denial. *See Torrence v. Ozmint*, 305 F. App'x 55 (4th Cir. 2008); *Torrence v. Ozmint*, 558 U.S. 953 (2009).

containing his parole eligibility claim. *In re Torrence*, No. 19-443, at ECF No. 2-2 (4th Cir. docketed Nov. 12, 2019). In October 2020, the Fourth Circuit denied Petitioner's § 2244(b) motion as unnecessary, holding he did not need authorization to file the proposed § 2254 petition because it "is not 'second or successive' within the meaning of § 2244(b)(3)." *In re Torrence*, 828 F. App'x at 882.

In December 2020, Petitioner filed a motion to reopen the instant action and submitted the proposed § 2254 petition he had filed in the Fourth Circuit. ECF No. 54. This Court granted Petitioner's motion to reopen in January 2021. ECF Nos. 59 & 63. Thereafter, Respondent filed a motion for summary judgment, and Petitioner filed a response in opposition. ECF Nos. 71 & 77.

## Discussion

The Magistrate Judge recommends denying Respondent's motion for summary judgment without prejudice because it addresses Petitioner's *original* § 2254 petition, not his *operative* § 2254 petition. R & R at pp. 2–4. The Magistrate Judge concludes "any ruling on Respondent's pending Motion for Summary Judgment would be advisory as it would not adjudicate the matters pending before the court." *Id.* at p. 3. Respondent objects, arguing that "[i]n both the original petition and the operative petition, Petitioner objects to the South Carolina DPPPS's determination that he is ineligible for parole." ECF No. 81 at p. 3. Respondent further requests that the Court grant the motion for summary judgment. *Id.* at p. 5.[7]

The Court respectfully disagrees with the Magistrate Judge's analysis. Petitioner's *original* § 2254 petition and *proposed/operative* § 2254 petition both present the same parole eligibility claim; the Fourth Circuit recognized as much in its opinion. *See In re Torrence*, 828 F. App'x at 878–81

---

[7] Petitioner has filed an objection to the R & R arguing "Respondent has failed to meet the[] burden of proof for summary judgment" and asking the Court to grant his habeas petition. ECF No. 82 at pp. 1, 3. The Court overrules Petitioner's objection for the reasons explained below.

(describing the "unexhausted parole eligibility claim" asserted in Petitioner's "initial 28 U.S.C. § 2254 petition" and "the exhausted parole eligibility claim" asserted in his "proposed second-in-time § 2254 petition").[8]  The Court will reject the R & R and consider Respondent's motion for summary judgment.

Petitioner alleges the South Carolina DPPPS violated the Eighth and Fourteenth Amendments by changing his parole status from eligible to ineligible, and for relief, he asks the Court to "[r]everse and remand the lower court to reinstate the parole eligibility of Petitioner." ECF No. 63 at pp. 5, 8, 17; ECF No. 77 at pp. 7–14.  Respondent moves for summary judgment arguing, *inter alia*, that Petitioner's parole eligibility claim raises a state-law issue that cannot be considered on federal habeas review.  ECF No. 70 at pp. 5, 8.  The Court agrees with Respondent.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  "Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review." *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999).

> More significantly, **parole eligibility is a question of state law and therefore is not cognizable on federal habeas review.**  The AEDPA provides explicitly that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ***only*** on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

---

[8] It is true Petitioner's original § 2254 petition raises the parole eligibility claim in a single ground (Ground Eleven), while his proposed/operative § 2254 petition divides it into two grounds (Grounds One and Two).  *Compare* ECF Nos. 1 & 54-1 at p. 18, *with* ECF Nos. 54-3 & 63 at pp. 5, 8.  However, as explained above, both petitions present the same parole eligibility claim.

6

*Ramdass v. Angelone*, 187 F.3d 396, 407 (4th Cir. 1999) (emphases added); *see also Vann v. Angelone*, 73 F.3d 519, 523 (4th Cir. 1996) ("The Constitution simply does not speak to the generality or specificity of the standards for parole eligibility adopted by a state." (citing *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7–8 (1979))). Consequently, Petitioner's parole eligibility claim is not cognizable on federal habeas review.[9]

Even assuming, *arguendo*, Petitioner's parole eligibility claim is cognizable under 28 U.S.C. § 2254,[10] he still has not shown the underlying state-court adjudication was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). Again, there is no constitutional right to parole; the Supreme Court has never held the Eighth Amendment bars life-without-parole sentences for adults convicted of homicide crimes, *see United States v. Gonzalez*, 981 F.3d 11, 18–19 (1st Cir. 2020); and even when a state "parole statute establishes a liberty interest" under the Fourteenth Amendment, an inmate is "entitled to no more than minimal procedure," simply meaning "parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." *Vann*, 73 F.3d at 521–22; *see*

---

[9] *See, e.g.*, *Whitlock v. Warden*, 2021 WL 1795796, at *2 (D.S.C. Mar. 17, 2021) ("[P]arole eligibility is a question of state law, is not subject to federal review, and is therefore not cognizable for habeas review."); *Bassett v. Brown*, 2017 WL 1479422, at *2 (E.D. Va. Apr. 21, 2017) ("A state prisoner's eligibility for parole is a question of state law that is not subject to federal review."); *Vaughn v. Rawski*, 2015 WL 3916956, at *16 n.2 (D.S.C. June 25, 2015) ("To the extent Petitioner is asserting that she is eligible for parole, that is a matter outside of this court's purview as 'parole eligibility is a question of state law therefore is not cognizable on federal habeas review.'" (quoting *Ramdass*, 187 F.3d at 407)).

[10] *Compare Townes v. Jarvis*, 577 F.3d 543, 550 n.4 (4th Cir. 2009) (noting "[i]t is not entirely clear whether a habeas petition under 28 U.S.C. § 2254" "provide[s] an avenue for" "challenges to state parole ineligibility determinations"), *and id.* at 549 (citing *Fender v. Thompson*, 883 F.2d 303 (4th Cir.1989),which involved a grant of habeas relief for a parole eligibility claim), *with Ramdass*, 187 F.3d at 407 (stating "parole eligibility is a question of state law and therefore is not cognizable on federal habeas review [under] AEDPA"), *and Bowling v. Director*, 920 F.3d 192, 196 & n.2 (4th Cir. 2019) (addressing the Commonwealth's argument that the petitioner's parole eligibility "claims are not cognizable under 28 U.S.C. § 2254" and deciding to "read the § 2254 petition as a § 1983 claim").

*also Bowling*, 920 F.3d at 199–200. Here, the South Carolina DPPPS notified Petitioner of his ineligibility for parole in a letter dated June 4, 2004. ECF No. 85 at pp. 43–44. The letter informed Petitioner that "South Carolina law prohibits" the DPPPS from granting him parole, specifically S.C. Code Ann. § 24–21–640, which provides: "'[t]he board must not grant parole nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction, following a separate sentencing for a prior conviction, for violent crimes as defined in Section 16–1–60.'" *Id.* at p. 43. The letter noted Petitioner had been convicted of violent crimes, and it listed Petitioner's **prior** 1979 conviction for armed robbery and his **subsequent** May 1992 convictions for murder, armed robbery, kidnapping, and first-degree burglary. *Id.* at pp. 43–44. Thus, the June 4, 2004 letter sufficiently notified Petitioner why he was ineligible for parole.[11] *See, e.g.*, *Vann*, 73 F.3d at 523 ("reject[ing the] petitioner's attempt to draw th[e] court into the merits of either the state's parole statute or its individual parole decisions" and concluding a letter from the Virginia Parole Board "sufficed to communicate to

---

[11]    Respondent's original motion for summary judgment (from 2005) likewise summarizes why Petitioner is parole ineligible: "As the attached records of the South Carolina Department of Probation, Parole, and Pardon [Services] reflect, Petitioner has a previous 1979 armed robbery conviction. Armed robbery was in 1987 and remains a violent crime as defined in § 16–1–60. Although Petitioner had adequate notice of his parole ineligibility in 1987, [t]he Board provided an explanation of the reason for parole ineligibility in the June 4, 2004 letter it sent to him with its denial." ECF No. 16-1 at p. 75 (internal citation omitted). Respondent also submitted a copy of the 1979 armed robbery indictment from Chester County and a brief that the DPPPS filed in the South Carolina Administrative Law Court (after Petitioner appealed the June 4, 2004 decision), *see* ECF No. 85 at pp. 57–58, 65–76; the brief explains that Petitioner's "prior crime is the Armed Robbery conviction in indictment number 79-GS-12-129. [Petitioner] committed the offense on January 12, 1979. [Petitioner] was sentenced on January 24, 1979. In accordance with S.C. Code Ann. Section 24–21–640, [Petitioner] is considered a subsequent violent offender, because the prior crime was also defined as violent when the subsequent crime was committed. . . . Therefore, [Petitioner] is not parole eligible due to his subsequent violent offender status." *Id.* at p. 75.

   Somewhat confusingly, in Respondent's instant motion for summary judgment and objections to the R & R, Respondent does not mention the 1979 armed robbery conviction but instead refers to an October 1987 conviction for murder (from Charleston County) as the predicate prior violent crime conviction. ECF No. 70 at pp. 6–7; ECF No. 81 at pp. 4–5. Petitioner claims that conviction was actually for *accessory after the fact to murder*, a nonviolent crime. ECF No. 77 at pp. 3, 12–13; *see* ECF No. 77-2 at p. 3 (Charleston County indictment for accessory after the fact to murder). Regardless of this confusion, the June 4, 2004 letter does not mention any 1987 convictions and clearly shows the 1979 armed robbery conviction was the predicate prior conviction relied upon by the DPPPS in making the parole ineligibility determination.

Vann that it was his prior criminal activity that precluded his present eligibility for parole"). "Whether a federal court would have reached the same conclusion in the first instance is beside the point. The point is that [South Carolina] reached that conclusion, and its decision must be sustained." *Id.* The South Carolina Supreme Court ultimately denied relief on the parole eligibility claim.[12] *See In re Torrence*, No. 19-443, ECF No. 11 at p. 97 (4th Cir. docketed Apr. 20, 2020); *Torrence v. State*, No. 2017-001782, *available at* https://ctrack.sccourts.org/public/caseSearch.do.

Finally, to the extent Petitioner challenges the DPPPS's 2004 reclassification of him as parole ineligible (despite his prior classification as parole eligible and the trial court's statement at the 1992 sentencing that he would not be parole eligible for thirty years), he has not suffered a due process violation because S.C. Code Ann. §§ 16–1–60 and 24–21–640 were in effect when he committed the subsequent offenses rendering him parole ineligible (i.e., the Lexington County murders in 1987). *See* Footnote 3, *supra*; *see, e.g.*, *Nesbit v. Washington*, 11 F. App'x 281, 283 (4th Cir. 2001) ("[T]o the extent that Nesbit challenges the Defendants' decision to reclassify him as parole ineligible in 1998, even though he was initially classified as parole eligible [upon his incarceration], because the statute in effect at the time of Nesbit's third qualifying offense rendered him parole ineligible, the Defendants have committed no due process violation."); *Hawkins v. Freeman*, 195 F.3d 732, 736–37, 750 (4th Cir. 1999) (finding no due process violation in revocation of erroneously-granted parole when inmate was returned to prison twenty months after release).

The Court will deny Petitioner's § 2254 petition and grant Respondent's motion for summary

---

[12] The South Carolina Supreme Court has explained that "a sentencing judge does not have the authority to determine parole eligibility through sentencing" but "*only* has the ability to order whether a sentence is consecutive or concurrent," and that the DPPPS "has the sole authority to look to the statutes to determine whether a defendant is eligible for parole separate and apart from the court's authority to sentence a defendant." *Major*, 682 S.E.2d at 800; *see also id.* at 799 ("[A] sentencing court is not authorized to determine parole eligibility.").

judgment.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **REJECTS** the R & R [ECF No. 79], **GRANTS** Respondent's motion for summary judgment [ECF No. 71], and **DENIES AND DISMISSES** Petitioner's § 2254 petition [ECF No. 63] *with prejudice*. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                                  s/ R. Bryan Harwell
July 20, 2021                                             R. Bryan Harwell
                                                          Chief United States District Judge